E-FILED
Monday, 26 October, 2026 10:40:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANDRE WINSTON,<br><br>Plaintiff,<br><br>v.<br><br>MCCOMB, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:26-cv-04089-SEM-DJQ |

**ORDER**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Facility, seeks leave to proceed in forma pauperis on the grounds of indigency, which request is granted.

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the operative Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants McComb, Allen, Rieche, Posey, Gregory, Hoyt, Caraway, Meyer, and John and Jane Does.

Plaintiff alleges that on March 21 and 25, 2026, Caraway, Hoyt, and Meyer, sat on a behavior committee regarding a disciplinary ticket that McComb wrote charging Plaintiff with several minor infractions. Plaintiff alleges the committee did not view video evidence, did not accept his statement, and excluded his witness affidavit.

Plaintiff's Complaint states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against Defendants Caraway, Hoyt, and Meyer. "[D]etainees are entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before the imposition of punishment for a disciplinary infraction." *Doolin v. Anton*, 2020 WL 7229675, at *1 (N.D. Ind. Dec. 8, 2020). The procedural protections outlined in *Wolff* include three key components: "(1) advance written notice of the disciplinary charges; (2) an opportunity … to call witnesses and present documentary evidence in [the detainee's] defense; and (3) a written statement by

the factfinder of the evidence relied on and the reasons for the disciplinary action." *Love v. Vanihel*, 73 F.4th 439, 451 (7th Cir. 2023) (quoting *Wolff*, 418 U.S. at 563–67).

Plaintiff's sparse allegations against Defendants McComb, Allen, Rieche, Posey, Gregory, and John and Jane Does do not state a plausible claim for relief. Much of Plaintiff's allegations are broad historical allegations or allegations about other incidents that he is pursuing in other lawsuits. The clearly pled claim is the Fourteenth Amendment claim discussed above, so only that claim will proceed.

IT IS THEREFORE ORDERED:

1. **Motions for Status [7], [8], [9] are MOOT.**
2. **Motion for Leave to Proceed in Forma Pauperis [3] is GRANTED.**
3. **Plaintiff states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against Defendants Caraway, Hoyt, and Meyer related to the disciplinary hearings in March 2026. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or pursuant to Federal Rule of Civil Procedure 15. Defendants McComb, Allen, Rieche, Posey, Gregory and John and Jane Does to be terminated.**
4. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those**

**motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

5. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

6. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

7. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

**8. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

**9. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

**10. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

**11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered October 26, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE